NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MARSHAUN THOMAS, <br><br> *Defendant.* | Crim. No.: 01-058 (KSH) <br><br><br> OPINION |

I. Background

Defendant Marshaun Thomas entered a guilty plea on September 26, 2002 to a Racketeer Influenced and Corrupt Organizations Act ("RICO") offense in violation of 18 U.S.C. § 1962(c). He is currently serving a 280-month sentence at the Lee federal penitentiary in Pennington Gap, Virginia, and is expected to be released in July 2029. *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 23, 2022).

In the *pro se* application[1] presently before the Court (D.E. 101, 107, 109), Thomas has moved pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) for a reduction of sentence on compassionate release grounds based on the COVID-19 pandemic and certain medical and familial circumstances. The government has opposed. (D.E. 106, 112.)

---

[1] The federal public defender declined representation. (D.E. 102, 108.)

## II. Legal Standard

A court may modify a term of imprisonment once it has been imposed only "in limited circumstances." *In re Morris*, 345 F. App'x 796, 797 (3d Cir. 2009). Relevant here is 18 U.S.C. § 3582(c)(1)(A), which provides that, in any case:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > . . .
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

The United States Sentencing Commission's policy statement allows a court to reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) where: (i) extraordinary and compelling reasons warrant a reduction in sentence; (ii) the defendant is not a danger to the safety of others or the community under 18 U.S.C. § 3142(g); and (iii) consideration of the sentencing factors in 18 U.S.C. § 3553(a) would support the relief sought. *See* U.S. Sent'g Guidelines Manual ("USSG") § 1B1.13 (U.S. Sent'g Comm'n 2018). Congress directed the Sentencing Commission to define the statutory term "extraordinary and compelling reasons," *see* 28 U.S.C. § 994(t), and the commentary to the policy statement states that the defendant's medical condition or family circumstances may, under certain circumstances, serve

2

as "extraordinary and compelling reasons" for compassionate release.  U.S.S.G. § 1B1.13 n.1(A), (C).  The Sentencing Commission also included a catchall provision which provides that "other reasons" may be sufficient if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in [the enumerated] subdivisions." *Id.* at n.1(D).

### III. Discussion
#### a. Exhaustion of Administrative Remedies

Before the Court may consider the merits of Thomas's motion, it must first be satisfied that he has exhausted his administrative remedies.  A prisoner may file a motion for compassionate release with the sentencing court only "after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A); *see United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (explaining exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)).

Here, Thomas sought compassionate release from the warden of the Lee federal penitentiary on February 12, 2021, and his request was denied on March 5. (*See* D.E. 106-1, BOP Request; *see also* 108-1 at 6, BOP Denial.)  The government argues that he failed to exhaust his administrative remedies because he filed the instant motion without first allowing the warden 30 days to address his request. (*See* D.E. 106, Opp. Br. at 9.)  However, because more than 30 days have now

3

passed since February 12, 2021, the Court is satisfied that it has jurisdiction to consider the instant motion.

### b. Substantive Standards for Compassionate Release

Resolution of Thomas's compassionate release application hinges on whether he has demonstrated an "extraordinary and compelling" reason warranting a reduction of his sentence. Absent such a reason, it is unnecessary for the Court to assess his potential danger to the community under 18 U.S.C. § 3142(g) or the § 3553(a) sentencing factors.

Thomas first argues that his hypertension constitutes an "extraordinary and compelling" reason because it would make him more susceptible to severe complications should he contract COVID-19 while incarcerated. (*See* D.E. 101, Mov. Br. at 2.) A medical condition may constitute an "extraordinary and compelling" reason justifying a reduction in sentence where the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 n.1(A)(ii).

Here, the government acknowledges Thomas's hypertension but argues that it cannot constitute an "extraordinary and compelling" reason justifying compassionate release. (*See* Opp. Br. at 10-11.) The CDC recognizes hypertension

4

as a condition that might make it more likely for a person to become severely ill from COVID-19. (*See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (page last updated Feb. 15, 2022) (last visited Feb. 23, 2022). However, hypertension is generally not a condition that, standing alone, supports a finding of "extraordinary and compelling" circumstances. *See United States v. Donley*, 2021 WL 6197633, at *4 (D.N.J. Dec. 30, 2021) (Martinotti, J.) (recognizing that hypertension is not a condition that "generally support[s] finding extraordinary and compelling reasons for compassionate release" and citing cases); *United States v. Lee*, 2021 WL 4077562, at *2 (D.N.J. Sept. 8, 2021) (Wigenton, J.) (finding that defendant's "mild hypertension" was not a condition that amounted to an "extraordinary or compelling" reason for relief); *see also United States v. Vizcaino*, 2021 WL 672931, at *4-5 (D.N.J. Feb. 22, 2021) (McNulty, J.) (indicating that hypertension placed defendant on CDC's list of persons who "might be" at risk of severe illness from COVID-19, which was "not enough to meet the extraordinary and compelling reasons inquiry"). Furthermore, the Court is satisfied from Thomas's medical records that his hypertension is well-controlled on prescription medications "without problem or side effect." (*See* D.E. 106-3, Medical Records at 4; *see also United States v. Lopez*, 2022 WL 123177, at *4 (D.N.J. Jan. 12, 2022) (Vazquez, J.) (no "extraordinary and compelling" circumstances justified reduction in sentence where defendant's hypertension "appear[ed] well-controlled").) Without more, his diagnosis of hypertension does not warrant a reduction in sentence.

5

Thomas also presents certain familial circumstances to justify his compassionate release.[2] As stated earlier, a defendant's familial circumstances may warrant compassionate release in limited circumstances, specifically in the event of: (i) the death or incapacitation of the defendant's minor child; or (ii) the incapacitation of the defendant's spouse or registered partner where the defendant would be the only available caregiver. *See* U.S.S.G. § 1B1.13 n.1(C). Here, Thomas claims that he is the only one who can care for his 67-year-old mother who was diagnosed with cancer because his sister, their mother's primary caregiver, is also sick with a medical condition that might be cancerous. (Mov. Br. at 2; Supp. Br. at 2.) Although the government correctly argues that their health conditions do not fit within either of the qualifying circumstances set forth above (*see* D.E. 112, Supp. Opp. at 2), the Court will take them into consideration and determine whether they are "extraordinary and compelling in their own right." *United States v. Dunich-Kolb*, 2020 WL 6537386, at *7 (D.N.J. Nov. 5, 2020) (McNulty, J.).

In his briefing, Thomas contends that his mother was diagnosed with stage three rectal cancer and will be undergoing chemotherapy. (Mov. Br. at 2.) The record also includes a letter authored by Thomas's sister, Markesh—their mother's

---

[2] In addition to his medical and family circumstances, Thomas argues that his rehabilitation in prison constitutes an "extraordinary and compelling" reason justifying compassionate release. (D.E. 109, Supp. Br. at 2.) As a preliminary matter, his rehabilitation is more appropriately considered under § 3553(a) which, as will become clear, is immaterial to the Court's conclusion. However, the Court notes for completeness that Thomas's BOP disciplinary record reflects approximately two dozen infractions spanning from 2004 through 2020, rendering specious his claim of rehabilitation. (*See* D.E. 106-2.)

6

primary caregiver who assists with bathing, feeding, dressing, and other daily tasks—which details their mother's bed-ridden state and declining health due to her cancer and other medical conditions, which include diabetes, high blood pressure, a degenerated hip, and sciatica. Markesh has also been experiencing health problems which have made it more difficult to provide care to their mother, and will need to undergo testing for cervical cancer. (*See* D.E. 108-1 at 5, Supp. Letter.)

The Court takes judicial notice of an obituary notice published online by Integrity Funeral Services of Tampa, Florida, which advises that Marshaun and Markesh's mother, Marsha Thomas, died in September 2021. *See* Integrity Funeral Services, *Obituary for Marsha Thomas*, https://www.articobits.com/obituaries/integrity-fh/marsha-thomas-obituary (last visited Feb. 23, 2022). It is therefore unnecessary to examine the cases and reasoning offered by the government in support of denying Thomas's motion, which focus on the lack of factual substantiation for the family situations described.[3]

However, as an indicative ruling, the Court notes that despite the gravity of Thomas's family situation, and the sincerity of his sister's description of their mother's declining health, his motion cannot succeed on those grounds. Thomas was sentenced at a historic time in federal sentencing law, and after appealing to the Third Circuit unsuccessfully, he obtained relief in the U.S. Supreme Court in

---

[3] The government filed its supplemental opposition brief (D.E. 112) some weeks earlier.

the form of resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which was decided during his post-sentencing litigation. After a lengthy resentencing hearing, the Court did not change his original sentence of 360 months but he was given credit of 80 months for time served along with good time credits. (D.E. 79-80.) The Court's decision of 280 months was affirmed on appeal, and his release date is in July 2029. (D.E. 94-95.) The Court is very familiar, therefore, with the facts of the offense of conviction, which include Thomas's murder of a young man in the course of a felony. The Court is satisfied that were they ongoing, the family circumstances he described in his motion for compassionate release would not warrant reduction of the significant sentence that he received.

## IV.   Conclusion

For the foregoing reasons, Thomas has failed to present an "extraordinary and compelling" reason justifying compassionate release and his motion must be denied. An appropriate order will issue.

Dated:  February 23, 2022             /s/ Katharine S. Hayden
                                       Katharine S. Hayden, U.S.D.J.

8